UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JOHNSON,

    Petitioner,

v.                                                                            Case No. 08-13741
                                                                            Honorable Gerald E. Rosen

BLAINE LAFLER,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITIONER'S REQUESTS
## FOR AN EVIDENTIARY HEARING AND FOR ORAL ARGUMENT

Petitioner James Johnson filed a petition for writ of habeas corpus with this Court on August 29, 2008, along with requests for an evidentiary hearing and for oral argument. For the reasons stated below, the Court denies both requests.

I.

If a habeas petition is not dismissed at a previous stage in the proceeding, and, after the answer, the transcript, and the record of state-court proceedings are filed, the judge shall, upon a review of those proceedings and of the expanded record if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. 1999) (Gadola, J.). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the

taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F.Supp.2d 554, 560 (M.D. Pa. 1998).

Presently, the Court denies Petitioner's request for an evidentiary hearing, without prejudice, because the Court has not yet received an answer or the state court record from Respondent. Without those materials, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Following receipt of those materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

Accordingly, the Court **DENIES** Petitioner's request for an evidentiary hearing, without prejudice. The Court will reconsider Petitioner's request if, following receipt of the responsive pleading and the Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

II.

Regarding Petitioner's motion for oral argument on the merits of his petition for writ of habeas corpus, after a careful review of the motion and the petition, the Court finds that, because the factual record in this case is satisfactory and not overly detailed, complex, or lengthy, oral argument would not assist the Court in resolving the issues presented. On that basis, the Court **DENIES** Petitioner's request for oral argument.

III.

**ACCORDINGLY**,

**IT IS ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED WITH PREJUDICE** and Petitioner's request for oral argument on the merits of his petition for writ of habeas corpus is also **DENIED**.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: October 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2008, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager